United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0420 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| KARIM ISKANDER BAYYOUK, | **(Docket No. 124)** |
| Defendant. | |

Karim Iskander Bayyouk ("Defendant") was charged and convicted of a single count of obstruction. Pending before the Court is Defendant's motion for a new trial, pursuant to Fed. R. Crim. P. 33, based on the Court's refusal to give a specific issue unanimity instruction. Docket No. 124. Having considered the parties' briefs, their oral argument, and all other evidence of record, the Court hereby **DENIES** the motion for relief.

## I. FACTUAL & PROCEDURAL BACKGROUND

In April 2007, the Securities and Exchange Commission ("SEC") commenced an investigation into securities fraud and insider trading relating to the purchase or sale of securities issued by Biosite, Inc. *See* Docket No. 1 (Indictment, ¶ 3). As part of that investigation, the SEC conducted a telephone interview of Defendant on or about May 31, 2007.

On May 29, 2012, Defendant was indicted on a single charge of obstruction of proceedings, pursuant to 18 U.S.C. § 1505. In August 2013, Defendant was tried on that single count of obstruction based on alleged false or misleading statements made during his telephone interview with the SEC on or about May 31, 2007.

On July 26, 2013, Defendant first requested a "specific issue unanimity" jury instruction. Docket No. 76. The Government objected to the instruction, contending it was not required under authority in this circuit. Docket No. 88. Defendant proposed the following specific unanimity instruction:

<u>DEFENDANT'S INSTRUCTION NO. 1</u>

SPECIFIC ISSUE UNANIMITY

In order for the defendant to be found guilty of obstruction of justice under section 1503 [sic], you must all agree that one or more of the following statements [were false and that they] obstructed, influenced, or impeded the due administration of justice, or was made for the purpose of obstructing, influencing or impeding the administration of justice. All of you must agree as to which statement or statements so qualify:

1. Defendant's statement that he did not discuss Biosite with anyone before he made the relevant trades; and

2. Defendant's statement that he did not know Maher Kara.

Docket No. 76 (Dft.'s Proposed Jury Instructions, at pg. 2) (capitalization in original). After considering the parties' arguments, the Court issued its proposed jury instructions on August 7, 2013, which did not include Defendant's proposed specific issue unanimity instruction. Docket No. 92. The Court also directed the parties to file any objections to the proposed instructions by 5:00 p.m. August 13, 2013. Docket No. 92. Neither party filed objections.

Two and a half weeks later, on the morning of closing arguments, Defendant renewed his request for a specific issue unanimity instruction. The Court held a hearing on Defendant's renewed request and denied the request. Docket No. 120. Later that day, the jury returned a verdict of guilty on the single count of obstruction of justice. Docket No. 408. Defendant now brings a motion for new trial under Rule 33, asserting the Court committed error by declining to give the "specific issue unanimity" jury instruction. Docket No. 124.

///

///

///

2

## II. DISCUSSION

A. Legal Standard

Under Federal Rule of Criminal Procedure 33, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. Proc. 52. This harmless error rule applies to new trial motions. Fed. R. Crim. Proc. 52 advisory committee's note. It also applies to instructional error. *Neder v. U.S.*, 527 U.S. 1, 15 (1999). *See e.g.*, *U.S. v. Harmon*, No. 11-10471, 2013 WL 4046718, at *1-2 (9th Cir. Aug. 12, 2013) (quoting *U.S. v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009), finding district court abused its discretion in granting new trial stemming from alleged instructional error that was harmless given the overwhelming evidence of illegality. *See also U.S. v. Allen*, 603 F.3d 1202, 1215 (10th Cir. 2010) (affirming conviction and finding district court's refusal to give specific unanimity instruction constituted harmless error beyond a reasonable doubt).

Ordinarily, a general unanimity instruction will suffice to instruct the jury that they must be unanimous on the basis of the guilty verdict. *U.S. v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999). However, a specific unanimity instruction is required where it appears (1) there is a genuine possibility of jury confusion, or (2) that a conviction may occur as a result of different jurors concluding that the defendant committed different acts. *See id.*; *U.S. v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007) (same). Defendant contends that a specific unanimity instruction is warranted on both bases. The Court disagrees.

B. Genuine Possibility of Jury Confusion

Defendant cites no evidence in the record of juror confusion. "Juror confusion is often a genuine possibility when the nature of the evidence is complex, when there is a discrepancy between the evidence and the indictment, or some other particular factor creates such a possibility of confusion." *U.S. v. McCabe*, 131 F.3d 149 (9th Cir. 1997) (quoting *Jeffries v. Blodgett*, 5 F.3d 1180, 1195 (9th Cir.1993), *cert. denied,* 510 U.S. 1191 (1994)). The case here was relatively simple; the alleged obstruction occurred in a single phone call Defendant had with the SEC. The evidence of the falsity of Defendant's statements therein was clear and substantial. *See e.g.*, *U.S. v.*

*McCormick*, 72 F.3d 1404, 1409 (9th Cir. 2007) (finding "small likelihood of confusion" despite the presence of multiple false statements at issue regarding a single count of making false statements on a passport); *Kim*, 196 F.3d at 1082-83 (affirming district court's refusal to give a specific unanimity instruction when the defendant was charged with a single crime based on a single set of facts and where prohibited acts were merely alternative means by which the defendant may be held criminally liable for the underlying substantive offense); *U.S. v. Anguiano*, 873 F.2d 1314, 1320-21 (9th Cir. 1989) (declining to give specific unanimity instruction given "indictment's clear focus on the June 16 transaction, the jury would readily perceive that the evidence introduced concerning the failed June 13 deal was merely presented for the purpose of explaining the course of events that led to the formation of the conspiracy charged in the indictment."); *U.S. v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983) (declining to give specific unanimity instruction, finding the "case a routine one" that was not "particularly difficult or complex" and to rule otherwise would mean giving "an instruction on unanimity tailored to the particular charges" at every trial).

Furthermore, the questions submitted by the jury in this case indicate no juror confusion. *See generally* Docket No. 122 (Notes from the Jury). *See Lyons*, 472 F.3d at 1068 (affirming district court's refusal to give specific unanimity instruction in part because "[n]othing here suggests the jury might have been confused, nor do [defendants] offer any evidence to suggest this was the case."); *see also U.S. v. Nobari*, No. 1:03-CR-05453 OWW, 2006 WL 2535052, at *25 (E.D. Cal. Aug. 31, 2006), *aff'd*, 574 F.3d 1065 (9th Cir. 2009) (denying new trial where there was no evidence of juror doubt or misunderstanding concerning jury instructions, including general unanimity instruction).

2.  Differing Juror Conclusions

Generally, a jury need not unanimously agree on the particular means of committing an offense. *See Schad v. Arizona*, 501 U.S. 624, 631 (1991); *Kim*, 196 F.3d at 1083 ("Under *Schad,* however, it was not necessary for the jurors in this case to unanimously agree on a specific classification of Kim's conduct."). The Ninth Circuit has so held in factually analogous cases.

For example, in *McCormick*, defendant was charged with making false statements on a passport application, pursuant to 18 U.S.C. § 1542. Defendant challenged his conviction, in part, by

1  asserting that the trial court erroneously failed to give a specific unanimity instruction, despite
2  multiple alleged false statements. The Ninth Circuit affirmed, noting "there is no general
3  requirement that the jury reach agreement on the preliminary factual issues which underlie the
4  verdict." *McCormick*, 72 F.3d at 1409 (citing *Schad*, 501 U.S. at 632).

5  Similarly, in *Lyons*, the Ninth Circuit held no consensus among jurors as to the precise
6  promise made by defendant is required where they agree a defendant committed the underlying
7  offense. There, defendant was charged with mail fraud, under 18 U.S.C. § 1341, for making false
8  promises. Defendant asserted a specific unanimity instruction was warranted because the jury "had
9  to agree unanimously on the particular false promise or statement made by the defendant." *Lyons*,
10 472 F.3d at 1068. The court rejected the argument: "For instance, some jurors may have decided to
11 convict because Handicapped Youth Services did not provide wheelchairs to handicapped children
12 as pamphlets promised, while other jurors may have convicted because the AIDS Research
13 Association failed to provide any funds to hospitals or AIDS patients." *Id.* Despite this, the Ninth
14 Circuit held that "the jury need not be unanimous on the particular false promise." *Id*.

15 Defendant cites *U.S. v. Thomas*, 612 F.3d 1107 (9th Cir. 2010), where Judge Illston gave a
16 specific unanimity instruction in a case involving a defendant charged with obstruction. *See* Docket
17 No. 124 (Mot., at pg. 3). *Thomas* is inapposite. The Ninth Circuit's discussion of the specific
18 unanimity instruction given at trial was limited to showing that Thomas' conviction should not be
19 overturned because the specific unanimity instruction made clear that the jury unanimously agreed
20 that certain statements identified in the indictment – *i.e.*, false statements made in counts one and
21 three – independently supported a conviction on an obstruction of justice charge. *Thomas*, 612 F.3d
22 at 1130. Thus, even if the district court erred in amending the instruction to include statements "A"
23 and "B," which were not identified in the indictment, the conviction was adequately supported by
24 false statements made in counts one and three, which were so identified. Additionally, the
25 government did not object to the specific unanimity instruction, and thus whether it was
26 constitutionally required was not an issue.

27 Passing references to the propriety of a specific unanimity instruction in *U.S. v. Bonds* 730
28 F.3d 890, 899 (9th Cir. 2013) is also not dispositive. There, in reciting the factual and procedural

history below, the Ninth Circuit noted that "[t]he jury was instructed correctly that to convict, it had to agree unanimously on which statement or statements qualified as intentionally evasive, false, or misleading." *Bonds*, 730 F.3d at 899. As in *Thomas*, the issue before the panel in *Bonds* was not whether a specific unanimity instruction should have been given. Rather, the issue was whether the jury instructions which specifically enumerated allegedly false or misleading statements that could constitute obstruction of justice somehow improperly expanded the indictment. The court's passing reference to the correctness of the specific unanimity instruction had no bearing on this holding, and the court did not purport to render a ruling on that issue. *Bonds* does not impugn the vitality of the Ninth Circuit's decisions in *Kim*, *McCormick*, and *Lyons* which are dispositive here.

### III. CONCLUSION

Based on the foregoing, the Court hereby denies Defendant's motion for new trial. This order disposes of Docket No. 124.

IT IS SO ORDERED.

Dated: November 22, 2013

_____
EDWARD M. CHEN
United States District Judge